IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

CLINTON STRANGE,

Plaintiff

**RECEIVED**

NOV 08 2018

CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

v.

SOLO AD EXCHANGE, LLC d/b/a  447 Media;

an Iowa Domestic Limited Liability Company

&

DOES 1-2,

Defendants

CIVIL ACTION:

FOR WILLFUL AND KNOWING VIOLATIONS OF THE

TELEPHONE CONSUMER PROTECTION ACT OF 1991

1

**DEMAND FOR JURY TRIAL:**

PLAINTIFF DEMANDS TRIAL BY JURY BASED ON HIS SEVENTH AMENDMENT
RIGHTS UNDER THE U.S. CONSTITUTION

**PRELIMINARY STATEMENT:**

This is an action brought in good faith by an adult individual against Defendants SOLO AD
EXCHANGE, LLC d/b/a  447 Media; an Iowa Domestic Limited Liability Company and DOES
1-2 for willful and knowing violations of the Telephone Consumer Protection Act of 1991.

**JURISDICTION & VENUE**

Jurisdiction is proper in this court pursuant to:

47 U.S.C. §227(g)(2)

&

28 U.S.C. § 1331

Venue lies properly in this district pursuant to:

47 U.S.C. §227(g)(4)

&

28 U.S.C. § 1391

## PARTIES:

**PLAINTIFF** Clinton Strange is an adult individual residing at:

Clinton Strange

7021 Winburn Drive

Greenwood, LA 71033


**DEFENDANT** SOLO AD EXCHANGE, LLC d/b/a "447 Media", which shall hereafter be referred to as "SA" purports to be an Iowa Domestic Limited Liability Company though no records could be found supporting this entity's lawful existence through an online search with the Iowa Secretary of State's website for either trade name.


**DEFENDANT** Doe No.1 , which shall hereafter be referred to as "D1", is a fictitious name pseudonym for the website owner/ operator  of easy270daily.us. The actual identity is unknown to the Plaintiff at this time.


**DEFENDANT** Doe No. 2 , which shall hereafter be referred to as "D2", is a fictitious name pseudonym for the 'end user' of the long code number 570-945-1588. The actual identity is unknown to the Plaintiff at this time.

**Factual Allegations:**

1. Plaintiff's cellphone number 318-423-5057 has been registered on the Federal Do-Not-Call listing since 01/03/2018 [*See Exhibit SA-A* ].

1. Defendant's texts constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

2. Defendant's texts were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

3. Plaintiff is not a customer of Defendant's services and has never provided any personal information, including his telephone number, to Defendant for any purpose whatsoever.

4. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive texts using an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephones pursuant to 47 U.S.C. § 227(b)(1)(A).

5. Furthermore, Plaintiff's cellular telephone number 318-423-5057 has been on the National Do-Not-Call Registry well over thirty (30) days prior to Defendant's initial texts.

6. Such text message spam constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

7. Plaintiff does not like to receive unwanted commercially solicitous phone calls or text spam on his cellphone because they "intrude on his seclusion and violate his rights to privacy guaranteed under the U.S. Constitution", and further deplete plaintiff's memory storage capacity, deplete Plaintiff's battery level on his cellphone (amounting to a conversion and or trespass Tort under Louisiana State Laws),  and require him to use a measurable amount of mental and physical energy to receive the texts, unlock his phone, and remove them from his message queue, and or review the contents of text message spam. Plaintiff alleges that [he] has Article III standing as a result of Defendant's alleged conduct.

8. Defendant D1 initiated the unwanted text spam to Plaintiff's cell phone on April 1, 2018 at 12:57 pm CST from long code number 570-945-1588 [*See Exhibit D1-A*].

9. The text spam message was sent to Plaintiff's cellphone number 318-423-5057 [*See Exhibit D1-B*].

10. The text spam message contained message details [*See Exhibit D1-C*].

11. The text spam contained a hyper link which is as of today 'expired' but is viewable [*See Exhibit D2-A*].

12. The website associated with the text message spam is registered though a domain registry called Name Cheap. Inc. [*See Exhibit D2-B*].

13. The Name Cheap physical address associated with the website lists an address owned and occupied by the Beckett family [*See Exhibit D2-C*].

14. The phone number and name associated with the Name Cheap registry is 801-425-8155, which also corresponds to a Jonathan "Jon" Reyes of Layton, UT [*See Exhibit D2-D*].

15. Defendant SA hired or other wise engaged as an 'agent' under the common law definition of 'agency' the services of Defendants D1 and D2 to engage in an illegal marketing campaign under the Telephone Consumer Protection Act of 1991 "TCPA", or alternatively Does 1 & 2 are the same as Defendant SA.

16. Plaintiff believes that Defendants may have sent him more than 1 text message which he may have deleted.

17. 47 U.S.C. § 227(c)(5) states in relevant part that:

> (5)PRIVATE RIGHT OF ACTION A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

(A)

an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B)

an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

(C)

both such actions.

18. 47 U.S.C. § 227(b)(1)(a)(iii) states in relevant part that:

(b)Restrictions on use of automated telephone equipment

(1)Prohibitions It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A)to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(i)

to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii)

to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii)

to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

19.47 U.S.C. § 227(e) states in relevant part that:

(E)Venue; service or process

(i)Venue

An action brought under subparagraph (A) shall be brought in a district court of

the United States that meets applicable requirements relating to venue under section 1391

of title 28.

(ii)Service of process In an action brought under subparagraph (A)—

(I)

process may be served without regard to the territorial limits of the district or of

the State in which the action is instituted; and

(II)

a person who participated in an alleged violation that is being litigated in the civil action

may be joined in the civil action without regard to the residence of the person.

20. 47 U.S.C. § 227(c)(5)(c) provides in relevant part that:


(C)

both such actions.

It shall be an affirmative defense in any action brought under this paragraph that the defendant

has established and implemented, with due care, reasonable practices and procedures to

effectively prevent telephone solicitations in violation of the regulations prescribed under this

subsection. If the court finds that the defendant willfully or knowingly violated the regulations

prescribed under this subsection, the court may, in its discretion, increase the amount of the

award to an amount equal to not more than 3 times the amount available under subparagraph (B)

of this paragraph.

21. Courts have previously upheld that Officers and Directors of Corporations can be held personally liable for TCPA violations when they are committed knowingly and willfully as Plaintiff alleges against Defendant Todd Matherne who is President of Matherne Holdings, Inc. *See **Los Angeles Lakers, Inc. v. Federal Insurance Company,*** 2:14-cv-07743, Central District of California (2014).

22. Courts have previously upheld that in other TCPA cases Jurisdiction and Venue were proper in the District Court where Plaintiff is domiciled, and that Directors and Officers were responsible for TCPA violations if they were willful and knowing:

*See Larry v. Doctors Answers, LLC*, No. cv-12-S-3510-NE, 2013 WL 987879 (N.D. Ala. March 8, 2013

An Alabama Plaintiff sued New Jersey Defendants for violating the TCPA by sending an unsolicited fax advertising material for answering services provided by Defendant. Defendant filed a Motion to Dismiss challenging Personal Jurisdiction, Venue and Plaintiff's ability to state a claim upon which relief can be granted. The court denied the motion on all grounds.

With respect to Defendant's challenge to the court's personal jurisdiction, the court recited the United States Supreme Court's express acknowledgement that

"'*federal* interest in regulating telemarketing to protect the privacy of individuals while permitting legitimate commercial practices' 'would be less well served if consumers had to rely on 'the laws or rules of court of a State' or the accident of diversity jurisdiction, to gain redress for TCPA violations.' Thus, 'federal courts [have] *federal-question* jurisdiction over private TCPA suits.'"

Addressing Defendants' argument that venue was only proper in New Jersey, the court concluded that "'venue is proper in the district where [plaintiff] resides because the injury did not occur' when the facsimile was sent from New Jersey, it occurred when 'the [facsimile] was *received* in Alabama," declining to transfer the case for the convenience of the parties.

Finally, rejecting Defendants' argument that they could not be personally liable for alleged wrong doing of the company, the court noted "'[t]he fact that the persons . . . acting [in violation of federal law] are acting for a corporation also, of course, may make the corporation liable under the doctrine of *respondeat superior. It does not relieve the individuals of their responsibility,'*" adding that "an officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute and was not merely tangentially involved. *Individuals who directly (and here, knowingly and willfully) violate the TCPA should not escape liability solely because they are corporate officers.'*"

23. The TCPA was originally intended by congress to give private individuals a private right of action against violators of the TCPA due to the inability of the FTC and FCC to pursue alleged offenders due to the overwhelming number of violations committed daily. In essence the U.S. Congress intended to make of the U.S. Citizenry an army of Private Attorneys General to curb TCPA violations with a large bounty for alleged infractions of [its] statutes.

24. At all times pertinent hereto Defendant SA was a person under the "TCPA".

25. At all times pertinent hereto Defendants were acting by and through their agents, servants and/ or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants, and/ or employees was intentional, willful, reckless, and in grossly negligent disregard for Federal Laws and the rights of the Plaintiff herein.

## Count I:

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b)

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

29. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Count II:

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b)

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Count III:

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(c)

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

38. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Count IV:

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

39. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

42. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

**JURY TRIAL DEMANDED**

**Plaintiff seeks trial by jury on all issues so triable.**

Prayer for Relief;

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

Statutory Damages;

Stacked Damages;

Treble Damages;

Enjoinder from Further Violations of These Parts;

Costs and reasonable attorney's fees;

, and such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _Clinton Strange_        11/03/2018

Clinton Strange              Dated

Pro-Se

7021 Winburn Drive

Greenwood, LA 71033

318-423-5057

**parsmllc@gmail.com**





UNITED STATES
POSTAL SERVICE

1000

50309

NOV 05 18
AMOUNT

$3.31

R2305H129624-07

Clinton Strange

7021 Winburn Drive

Greenwood, LA 71033

# US District Court Clerk

## 123 E Walnut Street

## Des Moines, IA 50309